PER CURIAM.
Lawrence Green appeals his conviction for sexual battery, alleging that the trial court committed reversible error by excluding rebuttal evidence that would have impeached the alleged victim. Because Green’s counsel failed to lay a proper predicate for admission of the evidence, or demonstrate its relevance in response to the State’s objection to its admission, we find no tidal court error and no basis for reversal. Although Green may ultimately be entitled to relief based upon his counsel’s failure to secure admission of this evidence at trial, or, alternatively, to preserve the issue for appellate review, that issue must be addressed through a timely motion for postconviction relief filed with the trial court.
Green was charged, and ultimately convicted, of forcing non-consensual sex on A.M. Green admitted the sexual encounter, but defended the charge on a theory that A.M. consented to sex. As to this critical issue, the case rested primarily on A.M.’s credibility. During the cross-examination of A.M. by Green’s counsel, A.M. began to cry. Defense counsel asked her why she was crying, and she responded:
Because it hurts me. Every single morning, when I have to wake up in the morning I don’t be around men no more. I don’t talk to nobody no more. It just screwed me up so bad and emotionally. I can’t sleep in the bedroom without my door being locked and no one being home.
Defense counsel approached the bench and sought permission to admit photos and disclosed images copied from A.M.’s “My Space” webpage. The State objected to the evidence on two grounds. First, it objected because the information had not been disclosed in discovery. Second, it objected because there was no indication of when the pictures had been taken or posted. Without any further proffer or explanation from Green’s counsel, the trial court sustained the State’s objection.
In his motion for new trial, Green alleged that the pictures showed A.M. at a male strip club posing with male dancers. In one photo, the male had his hand on A.M.’s breast, with a caption reading, “he’s got a handful....” Another picture showed A.M. with a different male dancer and a caption reading: “Omg,[1] his other hand is on my ass ... Happy moment.” Green further alleged that these photos were taken well after the alleged incident.
On appeal, Green argues that the trial court erred by excluding the evidence without conducting a Richardson[2] hearing. However, there was no reason for the trial court to explore the potential discovery violation — another possible basis for excluding the evidence — when Green had neither proffered nor presented anything to establish when the pictures were taken and posted. If the photographs were taken and posted before A.M.’s encounter with Green, they obviously would not have been relevant to impeach A.M.’s emotionally-charged description of the trauma *136 caused by her encounter with Green.[3] See Charles W. Ehrhardt, 1 Fla. Frac., Evidence § 402.1 (2010 ed.) (“irrelevant evidence is inadmissible.”). However, if A.M. posted the photographs after her encounter with Green, as Green later attempted to establish in post-trial filings, we agree that the evidence would have been relevant to impeach A.M.’s testimony, elicited (perhaps unwittingly) by defense counsel, regarding the impact of the encounter on her life. Because Green’s counsel did not indicate that she had any way to establish when the photographs were taken or posted, in response to the State’s objection, she cannot demonstrate that the trial court erred in sustaining the objection on those grounds.
Accordingly, if Green is entitled to any relief related to this issue, it will be in postconviction proceedings. See, e.g., Gonzalez v. State, 997 So.2d 1180, 1181 (Fla. 3d DCA 2008) (“Because the issues presented in this direct appeal were not properly preserved, we affirm without prejudice to [defendant’s] right to file an appropriate motion for postconviction relief.”) (citation omitted).
AFFIRMED.
LAWSON, EVANDER and COHEN, JJ., concur.

. Oh my God.

. Richardson v. State, 246 So.2d 771 (Fla. 1971).

. The admissibility of "impact” testimony in general is not at issue on appeal, and is not addressed in this opinion. Cf. Tones v. State, 54 So.3d 535 (Fla. 3d DCA 2011) (Ramirez, J., dissenting) (criticizing failure to reverse conviction based upon admission of "victim impact” evidence in rape prosecution).